FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| DOMINION ENTERPRISES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NETWORK SOLUTIONS, INC./JOHN DOES 1 | ) | Civil Action No.: 1:08CV107 |
| THROUGH 10ALEC DEFRAWI, individually | ) | LO / TCB |
| and d/b/a DENVER EMPLOYMENT | ) | |
| SOLUTIONS, IMPACT 210, LAJENUESSE | ) | |
| COSMETICS, SPEARS EVENTS, ALEC | ) | |
| DEFRAWI CONSULTING, and USAVOICE, | ) | |
| INTERNET SOLUTIONS CORPORATION, | ) | |
| individually, and d/b/a USAVOICE, | ) | |
| and APTIMUS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Dominion Enterprises (together with its predecessors in interest hereinafter "Dominion") states the following for its Complaint against Defendants Network Solutions/John Doe, Alec Defrawi, individually and d/b/a Denver Employment Solutions, Impact 210, Lajenuesse Cosmetics, Spears Events, Alec Defrawi Consulting, and USAVoice, Internet Solutions Corporation, individually and d/b/a USAVoice, and Aptimus, Inc. (collectively, "Defendants").

### Nature of the Action

1.      This is an action at law and in equity for trademark infringement, cybersquatting, and unfair competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-1127, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the

1

common law, for computer fraud and abuse arising under the federal Computer Fraud and Abuse Act, codified as amended at 18 U.S.C. § 1030, and under the Virginia Computer Crimes Act, VA. CODE ANN. § 18.2 et al., for computer trespass under the Virginia Computer Crimes Act, VA. CODE ANN. § 18.2 et al., and for breach of contract under the laws of the state of Virginia.

### Parties and Jurisdiction

2.      Plaintiff Dominion Enterprises ("Dominion") is a partnership organized under the laws of Virginia, with its principal place of business located in Norfolk, Virginia. Dominion is the owner of the trademarks at issue and the registrant of the domain name consisting of the trademarks at issue.

3.      On information and belief, Defendant Network Solutions, Inc. ("Network Solutions") is a corporation with its principal place of business located at 505 Huntmar Park Drive, Herndon, Virginia 20170. Defendant Network Solutions is the registrant of the domain name <employmentguides.org>.

4.      On information and belief, Defendant John Does 1 through 10 are individuals or companies whose names are unknown to Plaintiff at this time. Defendant Does registered the domain name <employmentguides.org> through Defendant Network Solutions. The domain name is currently registered in the name of Defendant Network Solutions. On information and belief, Defendant Does 1 through 10 are the true registrant(s) of the domain name <employmentguides.org>.

5.      On information and belief, Defendant Alec Defrawi is an individual doing business as numerous fictitious names, including Denver Employment Solutions (under the individual name Ben Tissol), Impact 210 (under the individual name Michael Fomkin), Lajenuesse Cosmetics (under the individual name Alan Vincent), Spears Events (under the

individual name Holly Spears), Alec Defrawi Consulting (under the individual name Alec Defrawi), and USAVoice (under the individual name Heather Williams), with a principal place of business at 5401 Kirkman Road, Suite 310, Orlando, Florida 32819. Defendant Alec Defrawi and his fictitious names are collectively hereinafter referred to as "Defrawi." On information and belief, Defrawi is associated, affiliated, or acting in concert with Defendant Aptimus, Inc. identified in paragraph 6.

6.      On information and belief, Defendant Internet Solutions Corporation ("ISC") is a corporation organized under the laws of Florida with a principal place of business at 5401 Kirkman Road, Suite 310, Orlando, Florida 32819. On information and belief, Defendant ISC is doing business as USAVoice.

7.      On information and belief, Defendant Aptimus, Inc. ("Aptimus") is a corporation organized under the laws of Washington with a principal place of business at 199 Fremont Street, Suite 1800, San Francisco, California, 94105. Defendants Network Solutions, Does 1 through 10, Defrawi, ISC, and Aptimus will be collectively hereinafter referred to as "Defendants."

8.      On information and belief, each of the Defendants is acting for or in concert with each of the other Defendants.

9.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under 15 U.S.C. §§ 1331 and 1338.

10.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are transacting business within this District, have engaged in acts or omissions within this district causing injury, or have otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

3

11.   Venue is proper in this district under 28 U.S.C. § 1391 because on information and belief, a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## FACTUAL BACKGROUND
### Dominion's Trademark and Service Mark Rights

12.   For more than seventeen (17) years, Dominion has adopted and used the trademark EMPLOYMENT GUIDE (the "EMPLOYMENT GUIDE Mark") in connection with print publications offering job openings and employment opportunities distributed throughout the United States.   A true and correct copy of the front cover of an EMPLOYMENT GUIDE publication is attached hereto as **Exhibit A**.

13.   For at least the last nine (9) years, in addition to the print publications, Dominion has also offered information about job openings and job applicants and goods and services related to them via an online electronic communications network, featuring its offerings under the EMPLOYMENT GUIDE Mark at its <employmentguide.com> website.   A true and correct print-out of the homepage for the <employmentguide.com> website, prominently displaying the EMPLOYMENT GUIDE Mark, is attached hereto as **Exhibit B**.

14.   Dominion's <employmentguide.com> website contains a Visitor Agreement, which is binding on every visitor that uses Dominion's <employmentguide.com> website. Dominion's Visitor Agreement includes the following provisions:

- The materials on this site are the property of EmploymentGuide.com or its licensors, and are protected by U.S. copyright laws, other copyright laws, and international conventions. Except as explicitly provided in this agreement, you may not distribute, transmit, display, reproduce, modify, create derivative works from, or otherwise exploit any of the materials on this site. You may display and occasionally print a single copy of any page on the site for your personal, non-commercial use, but you may not otherwise reproduce any material appearing on this site without the prior written consent of the owner. You may not store any significant portion of, nor distribute copies of,

4

materials found on this site, in any form (including electronic form), without prior written permission from the owner.

- You may not charge any potential jobseeker for information about any job listed on EmploymentGuide.com, nor may you use our website to promote, without our prior written permission, any other website, product or service.

- No spamming or data scrapping [sic]. We want potential jobseekers visiting EmploymentGuide.com to feel free to share their email addresses with those listing jobs on our site. By listing a job on this site, you agree to use the email addresses of those responding to your listing only for purposes of communicating with them about the potential job opportunity. By using this website, you agree not to use information concerning other users of EmploymentGuide.com, or the job they've listed or searched for on this website (including listing information, user names, email addresses, telephone numbers, and/or other information), for any purpose other than to explore the potential job opportunity.

A true and correct print-out of the Visitor Agreement found on the <employmentguide.com> website is attached hereto as **Exhibit C**.

15.     Dominion is the owner of the following federal trademark registrations for its EMPLOYMENT GUIDE Mark:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| EMPLOYMENT GUIDE (& Design) | 1687101 | 5/12/1992 |
| THE EMPLOYMENT GUIDE | 3026225 | 12/13/2005 |
| EMPLOYMENTGUIDE.COM | 3302202 | 10/2/2007 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database showing these registrations are attached as **Exhibit D**. All of these registrations constitute prima facie evidence, and those that are incontestable constitute conclusive evidence, of Dominion's exclusive right to use the mark in connection with the goods and services specified in the registrations.

16.     Based on Dominion's substantial, continuous, and exclusive use, as well as substantial advertising, promotion, and sales under the EMPLOYMENT GUIDE Mark, Dominion's trademark is strong and extremely well known to the public as an exclusive source

identifier of Dominion's high quality reliable services.  The public has come to expect that marks used in connection with job offerings and opportunities and that consist of EMPLOYMENT GUIDE, are associated or affiliated with, or authorized by, Dominion.

### Defendants' Wrongful Acts

17.    Long after Dominion's EMPLOYMENT GUIDE Mark had become well known as a source identifier for Dominion's job listings and related services, and after Dominion had begun offering its services online in connection with the EMPLOYMENT GUIDE Mark, on information and belief, Defendants registered the <employmentguides.org> domain name (the "Infringing Domain Name") with Network Solutions on October 8, 2007.  A true and correct copy of the WHOIS database information respecting the <employmentguides.org> domain name registration is attached hereto as **Exhibit E**.

18.    On information and belief, Defendants' <employmentguides.org> website prominently displays the mark EMPLOYMENT GUIDES with the tagline "Welcome to the Employment Guides Network."  A true and correct copy of the homepage associated with the <employmentguides.org> website is attached hereto as **Exhibit F**.  Defendants operate the <employmentguides.org> website as a website offering job listings for people seeking jobs in direct competition with Dominion.

19.    On information and belief, Defendants registered with Dominion's <employmentguide.com> website as employers under the following names:   Denver Employment Solutions, Impact 210, Lajenuesse Cosmetics, Spears Events, Alec Defrawi Consulting, and USAVoice. On information and belief, Defendants then used the accounts under these names to conduct searches for the maximum number of job applicants that the <employmentguide.com> website allows each employer to search.  On information and belief,

6

instead of using Dominion's <employmentguide.com> website legitimately to post job offerings or find qualified applicants for *its* positions, Defendants copy Dominion's customers' applicant information with the intent to use such information competitively and to market other services to Dominion's customers..

20.     By copying the applicant information on Dominion's <employmentguide.com> site, Defendants have exploited their use of Dominion's <employmentguide.com> website and have violated the terms of the Visitor Agreement.

21.     On information and belief, using the applicant information they have wrongfully taken from the <employmentguide.com> website, Defendants have recently begun contacting Dominion's customers throughout the United States, including customers in Virginia, via text message and email to deceive them into believing that information about their respective job applications awaits them, when in fact Defendants intend to induce them to sign up for other services. For example, the text message that Defendants send to Dominion's customers reads: "Please call me at 8663013840 about your job ap." A true and correct copy of a text message sent to one of Dominion's customers is attached hereto as **Exhibit G**.

22.     When one calls the number 866-301-3840 in the text message referenced in paragraph 21, one reaches a voice recording that tells the caller that he or she has reached "Employment Guides" and instructs the caller to login to the website <employmentguides.org> with the caller's first and last name. On information and belief, when Dominion's customer logs on to the <employmentguides.org> website, Defendants ask them for more information in order to market educational programs, credit assistance services, and work at home jobs to them and to offer them job opportunities in direct competition with Dominion.

23.   Defendants' email solicitations to Dominion's customers come from the email address "careers@employmentguides.org" and state that job openings are available for the customer and direct the customer to click on the link provided in the email, which is a link to Defendants' <employmentguides.org> website. A true and correct copy of an email solicitation from Defendants to a Dominion customer is attached hereto as **Exhibit H.**

24.   On    information    and    belief,    once    a    customer    logs    on    to    the <employmentguides.org> website (either as a result of the text message or email solicitation), Defendants solicit Dominion's customers to sign up for additional opportunities. When one clicks on one of these opportunities, one is re-directed to the website <searchforcolleges.com>, a website owned and operated by Defendant Aptimus.

25.   Defendants'    emails    and    text    message    solicitations    under    the    name EMPLOYMENT GUIDES have deceived, confused, and misled Dominion's customers into believing that the emails and text messages originated with Dominion. Indeed, Dominion learned of Defendants' activities because customers of Dominion's contacted Dominion to complain about or address difficulties they were experiencing in trying to access the <employmentguides.org> website, to inquire why they needed to provide further information, or otherwise to address Defendants' solicitations.

26.   On information and belief, before Defendants registered or began using the Infringing Domain name as a website or a mark, Defendants had actual knowledge of Dominion's rights and mark because of Dominion's longstanding and extensive use of the EMPLOYMENT GUIDE Mark and because of its online presence and domain name registration using the EMPLOYMENT GUIDE Mark. Defendants' knowledge is further evidenced by the elaborate scheme Defendants planned and executed to steal information from Dominion's

<employmentguide.com> website and use that information to solicit Dominion's customers. Defendants are also charged with constructive knowledge of Dominion's trademark registrations.

27.     Defendants' use of the EMPLOYMENT GUIDES name and mark on the <employmentguides.org> website, and Defendants' marketing of services virtually identical to the type of services offered by Dominion under the name and mark EMPLOYMENT GUIDE have deceived, confused, and misled Dominion's customers into believing that the entities operating the website at <employmentguides.org> are affiliated with, sponsored by, or otherwise connected to Dominion's company and related website, on which they have depended for services integral to finding job opportunities.

28.     In view of the similarity between the federally registered EMPLOYMENT GUIDE marks and Defendants' website using the name EMPLOYMENT GUIDES and the domain name <employmentguides.org>, all of Defendants' uses of the EMPLOYMENT GUIDES mark and name are likely to cause confusion, mistake, and deception in the marketplace.

29.     Defendants' activities throughout the United States and in this judicial district are deceiving and misleading members of the public and have caused and will continue to cause irreparable harm to the goodwill symbolized by the EMPLOYMENT GUIDE name and marks and to the reputation of Dominion. Defendants' activities have created, and are creating, a substantial likelihood of confusion, and indeed actual confusion, as to the origin, sponsorship, approval, and quality of the products and services Dominion provides and have infringed upon Dominion's rights in its names and marks, including its trademark and service mark rights.

## COUNT I
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

30.    Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if set forth fully herein.

31.    By registering and using the Infringing Domain Name, Defendants have registered, trafficked in, and used a domain name that is confusingly similar to Dominion's EMPLOYMENT GUIDE Mark.   Upon information and belief, Defendants registered the Infringing Domain Name with the bad faith intent of profiting unlawfully from Dominion's EMPLOYMENT GUIDE Mark.

32.    On information and belief, Defendants registered and are using the Infringing Domain Name with the intent to divert consumers from Dominion's online locations to a website accessible under and via the Infringing Domain Name and with the bad faith intent to profit from Plaintiff's marks by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the site.

33.    On information and belief, Defendants are in fact deriving profit from the use of the Infringing Domain Name and the consequent confusion of internet users.

34.    Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

35.    The unauthorized registration and use of the Infringing Domain Name has caused and unless preliminarily and permanently enjoined, Defendants' registration and continued use of the Infringing Domain Name will continue to cause, irreparable injury to Dominion and to the goodwill associated with Dominion's EMPLOYMENT GUIDE Mark.

36.    Because Defendants' infringing conduct is causing and is likely to cause substantial injury to the public and to Dominion, Dominion is entitled to injunctive relief, and to

recover either statutory damages under 15 U.S.C. § 1117(d) or Defendants' trebled profits, together with Dominion's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

<div align="center">

**COUNT II**
**FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT**

</div>

37.     Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 as if set forth fully herein.

38.     Defendants' unauthorized use of confusingly similar imitations of Dominion's registered EMPLOYMENT GUIDE Mark is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its business and services are affiliated, connected, or associated with Dominion or have the sponsorship, endorsement, or approval of Dominion, all in violation of 15 U.S.C. § 1114.

39.     Defendants' unauthorized use of confusingly similar imitations of Dominion's registered EMPLOYMENT GUIDE Mark, notwithstanding its knowledge of Dominion's ownership of the EMPLOYMENT GUIDE Mark, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of Dominion's EMPLOYMENT GUIDE Mark and to cause confusion, deception, and mistake in the minds of Dominion's customers and potential customers to the great and irreparable injury of Dominion.  Defendants have acted knowingly and have been unjustly enriched thereby.

40.     Because Defendants' conduct is causing and is likely to cause substantial injury to the public and to Dominion, Dominion is entitled to injunctive relief, and to recover Defendants' trebled profits, Dominion's costs, and Dominion's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION

41.     Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 40 as if set forth fully herein.

42.     Defendant's use of confusingly similar imitations of Dominion's EMPLOYMENT GUIDE Mark is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' businesses are affiliated, connected, or associated with Dominion or have the sponsorship, endorsement, or approval of Dominion, in violation of 15 U.S.C. § 1125(a).

43.     Defendants' unauthorized use of a confusingly similar imitation of Dominion's electronic URL address, <employmentguide.com>, is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' online business is affiliated, connected, or associated with Dominion or has the sponsorship, endorsement, or approval of Dominion, in violation of 15 U.S.C. § 1125(a).

44.     Defendants' actions have misrepresented the nature, characteristics, quality, or geographic origin of its services by virtue of stealing Dominion's customer information and then soliciting those customers under the EMPLOYMENT GUIDES mark.

45.     Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on Dominion's goodwill and to cause confusion, deception, and mistake in the minds of Dominion's customers and potential customers by implying a nonexistent affiliation or relationship between Defendants and Dominion to the great and irreparable injury of Dominion.

46.     Because Defendants' unfair competition is causing and is likely to cause substantial injury to the public and to Dominion, Dominion is entitled to injunctive relief, and to

recover Defendants' trebled profits, Dominion's costs, and Dominion's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

<div align="center">

**COUNT IV**
**COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

</div>

47.     Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 46 as if set forth fully herein.

48.     Defendants have used confusingly similar imitations of Dominion's EMPLOYMENT GUIDE Mark with full knowledge of Dominion's rights to that mark and with the willful and calculated purpose of trading upon Dominion's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Dominion, for the purpose of misleading and deceiving the public.

49.     Defendants have used confusingly similar imitations of Dominion's electronic URL address, <employmentguide.com>, with full knowledge of Dominion's rights to that address, and with the willful and calculated purpose of trading upon Dominion's established goodwill and business reputation, and in a manner calculated to imply false sponsorship of or approval by Dominion, for the purpose of misleading and deceiving the public.

50.     Defendants' conduct constitutes infringement of Dominion's common law rights to the EMPLOYMENT GUIDE Mark and has damaged and will continue to damage irreparably Dominion's goodwill and reputation unless restrained by this Court.

51.     Independent of their liability for common law infringement, Defendants also engaged in unfair competition under the common law of Virginia and the other states in which it has engaged in its activities through its attempted reliance on consumer mistakes and confusion, and its deliberate efforts to poach upon Dominion's goodwill.

52.     Dominion has no adequate remedy at law for remedying Defendants' conduct.

<div align="center">

13

</div>

## COUNT V
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

53.     Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 52 as if set forth fully herein.

54.     Defendants have, knowingly and with the intent to defraud, fraudulently accessed Dominion's protected computer via the <employmentguide.com> website and exceeded the authorized access granted by Dominion.   As a result of Defendants' conduct, Defendants' obtained valuable and protected information, which Defendants used to further their fraudulent activity.

55.     Because Defendants' fraud and computer abuse has caused and is causing substantial damage to Dominion, Dominion is entitled to injunctive relief and compensatory damages pursuant to 18 U.S.C. § 1030(g).

## COUNT VI
## COMPUTER FRAUD UNDER THE VIRGINA COMPUTER CRIMES ACT

56.     Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Defendants   have   used   Dominion's   computer   network   via   the <employmentguide.com> website without authority and have obtained property or services by false pretenses, in violation of VA. CODE ANN. § 18.2-152.3(1) (1985).

58.     Defendants   have   used   Dominion's   computer   network   via   the <employmentguide.com> website without authorization and have converted the property of Dominion for the unauthorized and unlawful use of Defendants, in violation of VA. CODE ANN. § 18.2-152.3(3) (1985).

59. Because Defendants' computer fraud has caused and is causing substantial injury to Dominion, Dominion is entitled to its damages, including lost profits, and its costs in bringing this action pursuant to VA. CODE ANN. § 18.2-152.12 (1985).

**COUNT VII**
**COMPUTER TRESPASS UNDER THE VIRGINIA COMPUTER CRIMES ACT**

60. Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Defendants have used Dominion's computer network via the <employmentguide.com> website without authorization and, with the intent to make or cause to be made unauthorized copies of data contained on Dominion's computer network, have made or caused to be made such unauthorized copies of data on Dominion's computer network, in violation of VA. CODE ANN. § 18.2-152.4 (1985).

62. Because Defendants' computer trespass has caused and is causing substantial injury to Dominion, Dominion is entitled to its damages, including lost profits, and its costs in bringing this action pursuant to VA. CODE ANN. § 18.2-152.12 (1985).

**COUNT VIII**
**BREACH OF CONTRACT**

63. Dominion repeats and incorporates by reference the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. By using Dominion's <employmentguide.com> website, Defendants agreed to the terms of the Visitor Agreement.

65. Despite Defendants' obligation to refrain from reproducing, data scraping, or otherwise exploiting any of the materials on the <employmentguide.com> website, Defendants have, without authorization and in violation of the Visitor Agreement for the

<employmentguide.com> website, taken Dominion's customer information and solicited Dominion's customers for opportunities other than those listed on Dominion's <employmentguide.com> website.

66.    By violating Dominion's Visitor Agreement, Defendants have breached their contractual obligations to Dominion, thereby causing Dominion substantial damage. As a direct and proximate result of Defendants' breaches, Dominion has suffered damage.

### PRAYER FOR RELIEF

WHEREFORE, Dominion prays:

1.    That Defendants, their partners, agents, employees, and all persons in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a)    using the domain name <employmentguides.org> and any trademark, company name, or domain name that is confusingly similar to Dominion's EMPLOYMENT GUIDE Marks;

(b)    passing off to the public that Defendants' business or products or services are those of or originate with Dominion;

(c)    engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' online business, products, or services with or by Dominion; and

(d)    otherwise infringing upon Dominion's EMPLOYMENT GUIDE Mark or unfairly competing with Dominion in any manner whatsoever.

2.    That Defendants be ordered to transfer and assign to Dominion the <employmentguides.org> domain name.

3.     That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale, rental, or provision of products or services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the infringing <employmentguides.org> domain name and confusingly similar imitations of Dominion's EMPLOYMENT GUIDE Mark.

4.     That the award of profits resulting from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

5.     That Dominion recover its actual damages.

6.     That the award of actual damages from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

7.     That Dominion recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000.

8.     That Defendants be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to Dominion's EMPLOYMENT GUIDE Mark, confusingly similar imitations of Dominion's EMPLOYMENT GUIDE Mark, or to the <employmentguides.org> domain name.

9.     That Defendants be directed to file with the Court and serve on Dominion, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

10.    That Dominion be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11.    That Dominion have such other and further relief as the Court may deem just and proper.

This the 4th day of February, 2008.

Daniel H. Marti (VA Bar # 46358)
KILPATRICK STOCKTON, LLP
607 14th Street, NW, Suite 900
Washington, DC  20005-2018
Telephone: (202) 508-5875
Facsimile:  (202) 585-0033

*Attorney for Plaintiff*